ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.*
Pursuant to Supreme Court Rule XIX, § 21,[1] the Office of Disciplinary Counsel *796 (“ODC”) has filed a motion for reciprocal discipline against respondent, Bradley John Catt, an attorney licensed to practice law in the States of Louisiana, Indiana, and Illinois.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The record indicates that on October 1, 1996, the Disciplinary Commission of the Supreme Court of Indiana filed a disciplinary complaint against respondent, who at that time was the Prosecuting Attorney of Knox County, Indiana, alleging that he had committed criminal acts of forgery, theft, and conversion, and failed to hold client property separate from his own.[2] On March 5, 1998, the Supreme Court of the 1 {.State of Indiana rendered an order permitting respondent to resign from the practice of law in Indiana in lieu of discipline.
By order of this court dated January 20, 2000, respondent was given thirty days pursuant to Supreme Court Rule XIX, § 21(D)[3] to show why the imposition of discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
Although the ODC asks this court to impose “identical discipline” on respondent as imposed by the Supreme Court of Indiana, we note that respondent was allowed to resign from the Indiana bar and the disciplinary proceedings against him j^were dismissed as moot. Under these circumstances, it could be argued that no actual discipline was imposed in Indiana.
However, based on the record, it appears likely that respondent would have been disbarred in Indiana, and his resignation was equivalent to a disbarment. Further, there is little doubt that respondent’s conduct would warrant disbarment under Louisiana jurisprudence. Respondent is currently in prison in Indiana, and he has failed to file any pleadings in this court demonstrating that the revocation of his licence to practice law in the State of Louisiana would result in a grave injustice. In fact, the bar rolls indicate that respon *797 dent has been on inactive status in Louisiana since 1990.
Supreme Court Rule XIX, § 21(D) gives this court the authority to impose “such other order as it deems appropriate.” Under the totality of the facts, we conclude disbarment is the appropriate sanction in this case.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that the name of Bradley John Catt be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked.

 Victory, J., not on panel. Rule IV, Part II, § 3.

. Supreme Court Rule XIX, § 21(A) provides: Upon being disciplined by another state disciplinary agency, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified *796 copy of the disciplinary order and file it with the board and with the court.

. At some point subsequent to the institution of the disciplinary complaint, respondent was indicted in the United States District Court for the Southern District of Indiana on two counts of bank fraud, a violation of 18 U.S.C. § 1344(1). Respondent pleaded guilty to both counts, and he was sentenced to serve 18 months in prison and ordered to pay restitution of more than $23,000. Criminal proceedings were also instituted against respondent by the State of Indiana; in that matter he pleaded guilty to four counts of forgery, fifteen counts of theft, and one count of filing a fraudulent campaign report. Respondent was sentenced to an aggregate of 28 years in prison, to be served concurrently with his federal sentence, and was ordered to pay restitution totaling $704,000. Respondent is currently incarcerated at the Wabash Valley Correctional Facility in Carlisle, Indiana.

. Supreme Court Rule XIX, § 21(D) provides:
Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.